[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2006
THOMAS K. KAHN
CLERK

No. 06-11671
Non-Argument Calendar

_____

D. C. Docket No. 01-00567-CV-2-FTM-29-DNF

LESLIE DAEDA, for herself individually,
ALISHA DAEDA, minor, by and through
her natural mother and guardian, Leslie Daeda,

Plaintiffs-Appellants,

versus

SCHOOL DISTRICT OF LEE COUNTY,
LEE COUNTY SCHOOL BOARD,
DEPARTMENT OF CHILDREN AND FAMILIES,
acting for and as an agency and department of
and for State of Florida, d/k/a DCF,
JOANNE LOEBER, as employees, agents and/or
representatives of DCF,
DAN MCCLEAN, as employees, agents and/or
representatives of DCF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(December 27, 2006)**

Before WILSON, PRYOR and HILL, Circuit Judges.

PER CURIAM:

The only issue in this appeal is whether or not the district court abused its discretion when, on February 3, 2006, it denied appellants Leslie Daeda and Alisha Daeda's (collectively Daeda) amended motion for relief from judgment based upon newly discovered clear and convincing evidence of fraud on the bases that Daeda's motion was untimely filed and failed to demonstrate entitlement to relief. The facts of the underlying case are not at issue and will not be repeated here.[1] A limited review of the procedural history of the case is, however, appropriate.

On June 30, 2003, the district court entered summary judgment in favor of appellees School District of Lee County, Department of Children and Families of Lee County, Joanne Loeber and Dan McLean (School) and against Daeda. Daeda filed a timely notice of appeal. It was ultimately dismissed for lack of prosecution on September 10, 2003.

---

[1] The amended complaint was filed under 42 U.S. C. § 1983 alleging sexual assault of a minor by a substitute teacher.

On June 30, 2004, Daeda filed her first motion from relief from judgment and motion to permit discovery requesting that the summary judgment order in favor of School be vacated on the grounds of newly discovered evidence of fraud. The district court denied the motion for relief from judgment on the basis that it failed to meet meet the requirements of Fed.R.Civ.P 60(b).

On December 29, 2005, some thirty months after the entry of final summary judgment, and eighteen months after denial of her original motion for relief, Daeda filed a second, amended motion for relief. The arguments and evidence presented in the amended motion were virtually identical to those raised in the original motion. On February 3, 2006, the district court denied the amended motion for relief on the grounds that it was untimely filed pursuant to Fed.R.Civ.P. 59 and 60. It also found that Daeda had failed to meet the requirements necessary to warrant the granting of extraordinary relief. That February 3, 2006, order is the limited subject of this appeal.

Although captioned an "amended" motion, the court found that it had decided the original motion in September, 2004, therefore there was nothing before the court to be amended. Upon review of the record, we agree.

The district court characterized the amended motion as a Fed.R.Civ.P. 59 motion to alter or amend the judgment but denied it as untimely. Rule 59(e)

3

requires the motion to be filed "no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). Here, the motion was filed approximately *thirty months* after entry of the judgment.

The district court found that even had the motion been timely filed within the 10 day period, the matters asserted could not be properly considered because they were an attempt to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of the judgment." *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). We agree.

If, however, a motion is filed after the ten day period, limited exceptions exist. Fed.R.Civ.P. 60(b). Daeda claims that exceptions appear because summary judgment was granted based upon misrepresentations so egregious as to amount to a fraud upon the court. Under Rule 60(b), a court may relieve a party from final judgment based upon mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud, misrepresentation, or other misconduct of an adverse party. Fed.R.Civ.P. 60(b).

To grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4)

4

the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

Upon careful review of the documents submitted, the district court found that Daeda had not met the burdens required under Rule 60(b). After our separate and thorough review of the record we conclude that the "newly discovered evidence" was evidence that was available prior to the entry of the original summary judgment in favor of School, so no exception is available. In addition, the motion is untimely as Daeda failed to show exercise of due diligence in filing the amended motion thirty months after judgment. There is no abuse of discretion by the district court.

Based upon the foregoing discussion, the judgment of the district court denying Daeda's amended motion as untimely and without merit is

AFFIRMED.